# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**1061 Main Street; Bridgeport, CT  06604** | Telephone number of clerk<br>( 203 ) 579 – 6527 | Return Date *(Must be a Tuesday)*<br>09/28/2021 |
|---|---|---|
| ☒ Judicial District        ☐ G.A.<br>☐ Housing Session    ☐ Number: | At *(City/Town)*<br>**Fairfield** | Case type code *(See list on page 2)*<br>Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Sabatini and Associates, LLC; One Market Square; Newington, CT  06111 | Juris number *(if attorney or law firm)*<br>052654 |
|---|---|
| Telephone number<br>( 860 ) 667 – 0839 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **CAMPBELL, Gary**<br>Address:  **200 Westfield Avenue; Bridgeport, CT  06606** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  **WATERMARK SERVICES IV, LLC; 2020 West Rudasill Road; Tuscon, AZ  85704**<br>Address:  **Agent:  Corporate Creations Network, Inc.; 6 Landmark Square; 4th Floor; Stamford, CT  06901** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>9-  -2021 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>James V. Sabatini, Esquire | |
|---|---|---|---|---|
| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | | *For Court Use Only* | |
| | | | File Date | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

RETURN DATE:   September 28, 2021

| | | |
|---|---|---|
| GARY CAMPBELL | : | SUPERIOR COURT |
| VS. | : | FAIRFIELD JUDICIAL DISTRICT |
| WATERMARK SERVICES IV, LLC | : | SEPTEMBER 3, 2021 |

## COMPLAINT

1.     At all times material, plaintiff, Gary Campbell, was and is a citizen of the State of Connecticut residing in the City of Bridgeport.

2.     Defendant Watermark Services IV, LLC was and is a Delaware limited liability company with a corporate headquarters located in Tucson, Arizona.

3.     At all times material, plaintiff was an employee under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

4.     At all times material, defendant was an employer under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

5.     Defendant employed plaintiff at its Bridgeport, Connecticut facility.

6.     Defendant employed plaintiff as a cook.

7.     Defendant hired plaintiff in June 2019.

8.     In October 2019, plaintiff was sexually harassed in defendant's workplace by defendant's human resources manager.

9.     Plaintiff reported the sexual harassment to defendant's former Executive Director Kristen Butler.

10.     After reporting sexual harassment, defendant constantly and unfairly scrutinized plaintiff's work.

11.     In or around December 2019, plaintiff sustained a physical injury at work.

12.     Plaintiff injured his ankle, knee and lower back.

13.     Plaintiff received medical treatment and attention for the work-related injuries.

14.     Plaintiff's doctor placed plaintiff on light duty work restrictions.   The light duty restrictions included work breaks every three (3) hours, no lifting over 20 pounds, and no ladder climbing.

15.     Plaintiff provided defendant with written notice of the light duty restrictions.

16.     Defendant told plaintiff that no light duty work was available and he had to get his doctor to change the restrictions.

17.     After notifying defendant of the light duty restrictions, plaintiff would come to work and get harassed.   He was given a heavy workload; his chair would be missing (the chair he needed to rest his injured leg on); and made to push crats weighing more than 20 pounds.

18.     Defendant referred to plaintiff as "damaged goods".

19.     Defendant told plaintiff to go find different employment.

20.     Defendant followed plaintiff to the gym to take pictures of the plaintiff.

21.     Defendant reduced plaintiff's hours, which resulted in a loss of income.

22.     Plaintiff questioned the defendant's disregard for his working restrictions, and employee Marissa DaSilva responded that she had been instructed to not provide plaintiff with assistance.

23.     In or around January of 2020, defendant's Executive Director Joan King referred to plaintiff as "another complaining Black man" when plaintiff tried to discuss with her the harassment he was facing.

24.     Plaintiff's color is black.

25.     Plaintiff is an African-American male.

2

26.    On March 25, 2020, defendant terminated plaintiff's employment.

27.    Defendant's explanation for the termination was low productivity.

28.    Plaintiff was under light duty restrictions on March 25, 2020.

29.    Plaintiff's physical injuries are a disability within the meaning of the CFEPA.

30.    Defendant regarded plaintiff as being disabled.

31.    Defendant's excuse for the termination is a pretext to mask unlawful disability discrimination and retaliation.

32.    Plaintiff can perform the essential functions of his job with or without a reasonable accommodation.

33.    Plaintiff exercised rights under Connecticut's Workers' Compensation Act while employed by defendant.

34.    On or about April 29, 2020, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

35.    On June 10, 2021, plaintiff received a release of jurisdiction issued by the CHRO (attached hereto as Ex.1).

## FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.    Plaintiff repeats the allegations in paragraphs 1 through 35 above as if fully incorporated herein.

36.    Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability (actual or regarded as);

3

(b)      In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)      In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)      In that defendant terminated plaintiff's employment on account of his disability;

(e)      In that defendant intentionally discriminated against the plaintiff;

(f)      In that defendant discriminated against the plaintiff for requiring a reasonable accommodation

37.      As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

38.      As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

39.      As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

40.      Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 40 as though fully set forth herein.

4

41.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

(a)     In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b)     In that defendant denied the plaintiff a reasonable accommodation;

(c)     In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)     In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

42.     As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

43.     As a further result of the failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

44.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

45.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

5

## THIRD COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

46. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq*. in one or more of the following ways.

(a) In that defendant retaliated against the plaintiff for requesting a reasonable accommodation;

(b) In that defendant retaliated against the plaintiff for reporting sex harassment.

47. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) or C.G.S. §46a-60(a)(1), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

48. As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

49. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## FOURTH COUNT
### (Race Discrimination in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 49 above as if fully

incorporated herein.

50.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his race;

(e)     In that defendant intentionally discriminated against the plaintiff.

51.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

52.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

53.     As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

54.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of

defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Color Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats the allegations in paragraphs 1 through 54 above as if fully incorporated herein.

55.      Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)      In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's color;

(b)      In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)      In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)      In that defendant terminated plaintiff's employment on account of his color;

(e)      In that defendant intentionally discriminated against the plaintiff.

56.      As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

57.      As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

58.      As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss

8

of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

59.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SIXTH COUNT
### (Violation of C.G.S. Sec. 31-290a)

1.     Plaintiff repeats and re-alleges each and every allegation set forth in above Paragraphs 1-59 and fully incorporates the allegations herein.

60.     Defendant, by and through its employees and/or employees, violated C.G.S. Section 31-290a which prohibits retaliation and discrimination against an employee for exercising her rights under Connecticut's Workers Compensation Act.

61.     Defendant's termination of plaintiff's employment, was retaliatory and discriminatory in violation of Connecticut General Statutes Section 31-290a in one or more of the following ways:

(a)     In that defendant terminated plaintiff's employment as a result of plaintiff's filing a workers' compensation claim;

(b)     In that defendant terminated plaintiff's employment as a result of plaintiff's exercise of a right under Connecticut's Workers' Compensation Act;

(c)     In that defendant terminated plaintiff's employment in response to plaintiff's intention to file a workers' compensation claim; and

(d)     In that defendant terminated plaintiff's employment in response to plaintiff's intention to exercise a right under Connecticut's Workers' Compensation Act.

9

62.     As a result of defendants' unlawful conduct, plaintiff has been deprived of her employment.

63.     As a result of defendant's unlawful conduct, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefit plan.

64.     As a further result of defendant's unlawful termination of plaintiff, plaintiff has suffered compensatory damages including emotional pain, distress, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

65.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's unlawful conduct.

66.     Workers' compensation retaliation was a motivating factor in defendant's decision to terminate plaintiff's employment.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages against defendant including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; punitive damages; damages pursuant to C.G.S. Sec. 31-290a; attorneys' fees; costs; interest; consequential damages; prejudgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 3rd day of September, 2021.

_____
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

11

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Gary Campbell
COMPLAINANT

CHRO No. 2020432

vs.

EEOC No.  16A-2020-006937

Watermark 3030
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: June 10, 2021

Tanya A. Hughes, Executive Director

mrm
Service:   **VIA EMAIL ONLY**
Complainant: Gary Campbell, campbellgary71@gmail.com
Complainant's Counsel: James V. Sabatini, jsabatini@sabatinilaw.com
Respondent's Attorney: Tanya A. Boveee, tanya.bovee@jacksonlewis.com
            Russell N. Jarem, Russell.jarem@jacksonlewis.com



# WATERMARK SERVICES IV, LLC    ACTIVE

2020 WEST RUDASILL ROAD, TUCSON, AZ, 85704, United States

---

**BUSINESS DETAILS**    ⌄

---

## Business Details    ⌃

### General Information    —

Business Name
WATERMARK SERVICES IV, LLC

Business status
ACTIVE

Citizenship/place of formation
Foreign/DE

Business address
2020 WEST RUDASILL ROAD, TUCSON, AZ, 85704, United States

Annual report due
3/31/2022

NAICS code
Continuing Care Retirement Communities (623311)

Business ALEI
1218147

Date formed
9/29/2016

Business type
LLC

Mailing address
2020 WEST RUDASILL ROAD, TUCSON, AZ, 85704, United States

Last report filed

2021

NAICS sub code
623311

## Principal Details 

Principal Name
DAVID BARNES

Principal Title
MANAGER

Principal Business address
2020 W RUDASILL ROAD, TUCSON, AZ, 85704, United States

Principal Residence address
2020 W RUDASILL ROAD, TUCSON, AZ, 85704, United States

Principal Name
DAVID FRESHWATER

Principal Title
MANAGER

Principal Business address
2020 W RUDASILL ROAD, TUCSON, AZ, 85704, United States

Principal Residence address
2020 W RUDASILL ROAD, TUCSON, AZ, 85704, United States

## Agent details

Agent name
CORPORATE CREATIONS NETWORK INC.

Agent Business address
6 LANDMARK SQUARE, 4TH FLOOR, STAMFORD, CT, 06901, United States

Agent Mailing address
6 LANDMARK SQUARE, 4TH FLOOR, STAMFORD, CT, 06901, United States

## Filing History

 **Business Registration - Certificate of Registration**
**0005661089**
Filing date: 9/29/2016

Volume Type
B

Volume
2248

Start page
3218

Pages
2

Date generated
9/29/2016

---

 **Annual Report(2017)**
**0006228908**
Filing date: 8/8/2018

Volume Type
B

Volume
2565

Start page
2652

Pages
2

Date generated
8/8/2018

---

 **Change of Agent - Agent Change**
**0006234218**
Filing date: 8/16/2018

Volume Type
B

Volume
2568

Start page
2708

Pages
2

Date generated
8/16/2018



**Annual Report(2018)**
**0006241912**
Filing date: 9/5/2018

Volume Type
B

Volume
2573

Start page
721

Pages
2

Date generated
9/5/2018



**Change of Agent Address - Agent Address Change**
**0006242958**
Filing date: 9/6/2018

Volume Type

Volume

Start page

Pages

Date generated
9/6/2018

(https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t00000010Gjv
/JrWou2MILtf.yToBMspYwb4qPm2pxgyKELaecHnKDWU)

**Annual
Report(2019)**
**0006476083**
Filing date:
3/19/2019

Volume Type
A

Volume
157

Start page
1805

Pages
2

Date generated
3/19/2019

Digital copy
View as PDF (https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t00000010Gjv
/JrWou2MILtf.yToBMspYwb4qPm2pxgyKELaecHnKDWU)

---

📄 (https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t0000000zu5O
/LN1SaJMaqL3EShYnOhlU3h8eQTb1J4Zf1p4cjgO2.Us)

**Annual
Report(2020)
0006839376**
Filing date:
3/18/2020

Volume Type
A

Volume
424

Start page
1993

Pages
3

Date generated
3/18/2020

Digital copy
View as PDF (https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t0000000zu5O
/LN1SaJMaqL3EShYnOhlU3h8eQTb1J4Zf1p4cjgO2.Us)

---

📄 (https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t00000022c5M
/qL..cAwBJ1pUsQKzxFRzPGWKtdFlEQA9Y9Yik2.eLgY)

**Annual
Report(2021)
0007149463**
Filing date:
2/15/2021

Case 3:21-cv-01324-SALM   Document 1-1   Filed 10/06/21   Page 22 of 23

Volume Type
A

Volume
693

Start page
871

Pages
3

Date generated
2/15/2021

Digital copy
View as PDF (https://ctds.my.salesforce.com/sfc/p/t0000000PNLu/a/t00000022c5M
/qL..cAwBJ1pUsQKzxFRzPGWKtdFlEQA9Y9Yik2.eLgY)

## Name History

None

## Shares

None

September 7, 2021